J-A19004-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| IN RE: DANIEL J. EDWARDS AND MARINA EDWARDS, ADMINISTRATORS OF THE ESTATE OF J.E., THEIR DECEASED MINOR SON | : : : : : : : : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| APPEAL OF: FARMERS INSURANCE | : : | No. 188 EDA 2021 |

Appeal from the Order Entered December 2, 2020
In the Court of Common Pleas of Bucks County Orphans' Court at No(s):
No. 2020-E0077

BEFORE:   DUBOW, J., MURRAY, J., and COLINS, J.[*]

MEMORANDUM BY DUBOW, J.:                    **FILED OCTOBER 1, 2021**

Appellant, Farmers Insurance, appeals from the December 2, 2020 Order granting Appellees' Petition to Enforce Settlement. After careful review, we affirm.

**Factual and Procedural History**

On October 13, 2018, Herbert Norton, while driving, hit and killed J.E., a minor. Norton maintained $50,000 in automobile liability insurance through MMG Insurance ("MMG"). MMG offered the full policy limits to Appellees, J.E.'s parents, to settle all claims against Norton arising from J.E.'s death.

Appellees then sought to collect underinsured motorist coverage ("UIM") benefits under their personal automobile insurance policy issued by Appellant,

_____

[*] Retired Senior Judge assigned to the Superior Court.

Farmers Insurance ("Farmers"). The policy provided for $250,000 of UIM coverage per person, with a $500,000 per-incident limit.

Relevant to the instant appeal, while negotiating the settlement of the UIM claim, Appellees' counsel argued that the higher, $500,000, coverage limit applied. Farmers' counsel, in contrast, argued that the lower, $250,000 limit applied. Despite never explicitly resolving this disagreement, Farmers' counsel sent Appellees' counsel a settlement agreement on November 25, 2019, that listed the settlement amount as $500,000 ("Settlement Agreement"). Farmers' counsel signed the Settlement Agreement on its behalf.

Appellees then sought court approval of the settlement.[1] As part of that process, Appellees' counsel prepared a Petition to Approve Settlement ("Petition"), which included as an exhibit a copy of the signed $500,000 Settlement Agreement. Before submitting the Petition to the court, Appellees' counsel sent a copy of it to Farmers' counsel on January 30, 2020. Farmers' counsel did not object to the Petition.

On February 7, 2020, Appellees submitted the Petition to the orphans' court. Once again, Farmers did not file any objections to the Petition. On February 14, 2020, the orphans' court granted the Petition and directed payment of settlement proceeds ("Order"). In particular, the Order provided for the distribution of $550,000 in gross settlement proceeds, with MMG

---

[1] Pursuant to Pa.R.C.P. 2039, parties must obtain court approval to settle a claim involving a minor.

contributing $50,000 and Farmers contributing $500,000. **See** Order, 2/14/20. The orphans' court further ordered that Appellees receive $412,500 and Appellees' counsel receive $137,500. **Id.** Most important to this appeal, Farmers did not appeal this Order. The appeal period ended after March 16, 2020.[2]

On April 14, 2020, Farmers issued a $250,000 settlement check to Appellees. Although Farmers had failed to object to the Petition or appeal the Order, it refused to pay the remaining settlement funds, arguing that the UIM policy's per-person coverage limit capped Appellees' recovery at $250,000.

On June 9, 2020, Appellees filed their Petition to Enforce Settlement. The court held a hearing on the petition on November 30, 2020. After the hearing, on December 2, 2020, the court granted Appellees' Petition to Enforce Settlement. Farmers now appeals.

### Issues on Appeal

Farmers timely filed a Notice of Appeal, and both it and the trial court have complied with Pa.R.A.P. 1925. Farmers raises the following issues for our review:

> [1.] In finding that the Settlement Agreement was enforceable, did the [t]rial [c]ourt err by applying the apparent authority analysis to the issue of what type of authority an attorney must

_____

[2] The thirtieth day from February 14, 2020, was Sunday, March 15, 2020. Appellant, therefore, had until March 16, 2020, to appeal this Order. Pa.R.A.P. 903(a) (Appellant must file notice of appeal "within 30 days after the entry of the order from which the appeal is taken."); 1 Pa.C.S. § 1908 ("Whenever the last day of any such period shall fall on a Saturday or Sunday . . . such day shall be omitted from the computation).

have to bind his client to a settlement agreement and by failing to consider evidence that Attorney Janiczek only had express authority from [Appellant] to settle [Appellees'] UIM claim for $250,000.00 and not for $500,000.00?

[2.] In finding that the Settlement Agreement was enforceable, did the Trial Court err by failing to consider critical evidence that demonstrated the existence of a mutual mistake and refusing to reform the Settlement Agreement accordingly?

Farmers' Br. at 4.

## Legal Analysis

Farmers asks this Court to "reform" the Settlement Agreement "to reflect the figure of $250,000." *Id.* at 41. At the crux of its argument, Farmers reasons that, because the policy provides $250,000 in per-person UIM coverage, it "can only be bound to a settlement in [that] amount[.]" *Id.* at 20. Given this coverage limit, Farmers argues that its counsel did not have authority to bind it to pay $500,000 in settlement proceeds, and any agreement to that effect must be based upon a mutually mistaken understanding of the available coverage. *Id.* at 20-40.

Farmers' arguments address the financial terms of the settlement agreement and ignore the fact that the Order requires Farmers to pay Appellees $500,000. If Farmers disputed the amount of the settlement, it was obligated to object to the Petition.[3] Farmers failed to do so.

Moreover, Farmers is in essence asking us to vacate and revise the Order. Since the appeal period for the Order has lapsed, we lack the

---

[3] In cases involving a minor, a party objecting to the actual terms of a settlement must make those objections before the lower court. *See Storms ex. rel. Storms v. O'Malley*, 779 A.2d 548, 556 n.6 (Pa. Super. 2001).

jurisdiction to consider Farmers' challenge to the financial terms set forth therein.[4]

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/1/2021

---

[4] We note that our analysis differs from the orphans' court reasoning in its Rule 1925(a) Opinion. This Court is not bound by the lower court's reasoning, and "we may affirm the trial court's order on any valid basis." ***Dockery v. Thomas Jefferson University Hospitals, Inc.***, 253 A.3d 716, 721 (Pa. Super. 2021).